JAMES HOLLIDAY, plaintiff in error, v. THE PEOPLE OF THE
STATE OF ILLINOIS, defendants in error.

*Errror to St. Clair.*

In a criminal prosecution, a motion for a new trial on the ground that the
verdict was contrary to the evidence, is addressed to the discretion of the
Circuit Court, and its decision thereon cannot be reviewed by the Supreme
Court.

If an indictment contains one good count, the verdict of the jury will be sus-
tained.

On a change of venue in a criminal case, the transcript sent to the county where
the case was to be tried, showed the finding of the indictment, and contained
a copy thereof, as also all the proceedings. On an appeal to the Supreme
Court, the record sent up, stated that the original indictment was received
with the transcript. The clerk of the Circuit Court omitted to append a
certificate to the transcript, that the paper transmitted therewith was the
original indictment: *Held,* that this omission ought not to vitiate the pro-
ceedings.

A. was indicted for procuring an abortion. He appeared, and was put upon his
trial. When the jury returned into Court, he was called, but failed to an-
swer, and the verdict was received in his absence. It found him guilty, and
fixed the time of his imprisonment in the penitentiary at one month. During
the same term, he appeared and entered a motion to set aside the verdict, be-
cause it was contrary to the evidence, and because it was received in his ab-
sence: *Held,* that the offence of which he was convicted, was a misdemeanor
only, and that it was not erroneous to receive the verdict in his absence.

According to the principles of the Common Law, in all capital cases, the ver-
dict must be received in open Court, and in the presence of the prisoner.
The rule, however, did not apply to cases of inferior misdemeanor.

INDICTMENT, in the Perry Circuit Court, against the plain-
tiff in error, charging him with having administered medi-
cine to procure an abortion.

The venue was changed to St. Clair county, where a trial
was had at the May term, 1846, before the Hon. Gustavus
P. Koerner and a jury, when a verdict of guilty was render-
ed against the accused. The jury fixed the term of his im-
prisonment in the Penitentiary at one month, and the Court,
in addition, imposed a fine of $100.

The verdict was returned into Court by the jury, in the
absence of the prisoner.

Holliday v. The People.

*L. Trumbull,* for the plaintiff in error, relied upon the following points and authorites:

I.   The indictment should have been quashed. Archbold, 412.   The third and fourth counts do not give the name of the liquid.   The fifth count does not state that the defendant acted wilfully and maliciously.   Criminal Code, § 46.

II.   The verdict was improperly received in the absence of the defendant.   1 Ch. Crim. Law, 636; *Nomaque* v. *The People,* Bre. 109; *The People* v. *Perkins,* 1 Wend. 91.

III.   The motion for a new trial should have been granted. The only witness to prove the administering or taking of any liquid or substance was the prosecutrix, and she swore that she never took the substance, (admitting it to have been noxious,) and the cinnamon drops were proved to be harmless, by all the witnesses.

IV.   The motion in arrest of judgment should have been sustained:

1.   Because the record does not show that the original indictment was ever transmitted from Perry to St. Clair county.   No reference being made to it in the record transmitted from Perry and the statement of the clerk in St. Clair county, that the original indictment was filed in his office, is no evidence of the fact, as he had no official means of knowing the original indictment, the clerk of Perry county not having put any mark upon it.   *Wight* v. *Kirkpatrick,* 4 Scam. 339.

2.   Because if there is one defective count in the indictment, a general verdict in a case where the jury affix the penalty cannot be sustained, otherwise, where the court affixes the punishment, and can apply the evidence to the proper count, and apportion the punishment accordingly. 1 Ch. Crim. Law, 249; 1 Salk.   384; 2 Strange, 845; 19 Eng. Com. Law R. 423.

In this case, it is only the second count, if any, that is good, and there was no evidence that the substance charged in that count was ever taken.

*D. B. Campbell,* Attorney General, for the People.

The Opinion of the Court was delivered by

TREAT, J. At the September term 1844, of the Perry Circuit Court, an indictment, containing five counts, was presented against James Holliday for administering poison to procure abortion. He appeared at the next term and made a motion to quash the indictment, which was sustained as to the first count, and overruled as to the other counts. He then pleaded not guilty and obtained a continuance. At the succeeding term, on his application, the venue was changed to the county of St. Clair. In the Circuit Court of the latter county, at the May term 1846, he appeared and was put on his trial. When the jury returned into Court, he was called but failed to answer, and the verdict was received in his absence. It found him guilty, and fixed the period of his imprisonment in the penitentiary at one month. During the same term, he appeared and entered a motion to set aside the verdict, because it was contrary to the evidence, and because it was received in his absence. The Court overruled this motion, and a motion in arrest of judgment, and pronounced sentence on the prisoner pursuant to the verdict. He prosecutes a writ of error.

The application for a new trial, on the ground that the verdict was contrary to the evidence, was addressed to the sound discretion of the Circuit Court, and its decision thereon cannot be reviewed by this Court. *Baxter* v. *The People*, 3 Gilm. 368; *Pate* v. *The People*, ib. 644.

The motion in arrest of judgment was properly refused. It is conceded that the indictment contains one good count, and that, on the authority of the case of *Townsend* v. *The People*, 3 Scam. 326, is sufficient to uphold the verdict.

The transcript sent from the Perry Circuit Court showed the finding of the indictment, and contained a copy thereof, and of all the proceedings had in the cause. The record from the St. Clair Circuit Court states, that the original indictment was received with the transcript. The mere omission of the clerk of the former Court to append a certificate to the transcript, that the paper transmitted therewith was

the original indictment, ought not to vitiate the proceedings, especially as this objection was not made in the Circuit Court. *Granger* v. *Warrington*, 3 Gilm. 299.

Was the verdict properly received in the absence of the prisoner? According to the principles of the Common Law, in all capital cases, the verdict must be received in open Court, and in the presence of the prisoner. 2 Hawkins' P. C., Ch. 47, § 2; 3 Thomas' Coke, 392; *The People* v. *Perkins*, 1 Wend. 91. Mr. Chitty says: "The verdict, whatever may be its effect, must, in all cases of felony and treason be delivered in the presence of the defendant, in open Court, and cannot be either privily given, or promulgated while he is absent. And in all cases where the jury are commanded 'to look on him,' as in larceny, and all accusations subjecting him to any species of mutilation, or loss of limb, the same rule applies, without exception. In all trials for inferior misdemeanors, however, a privy verdict may be given, and there is no occasion for the presence of the defendant." 1 Chitty's Crim. Law, 636. We recognize the validity and propriety of the rule in capital cases, without determining whether it extends to cases of felony. It is manifest that the present case does not come within the rule, as laid down by Chitty, but is clearly within the exception stated by him. The offence charged in the indictment is a misdemeanor only. It was but a misdemeanor at the Common Law. A recent British statute has declared it to be a felony. Archbold's Crim. Pl. 413.

The judgment of the Circuit Court is affirmed with costs.
*Judgment affirmed.*